Electronically Filed
6/18/2021 3:44 PM
Steven D. Grierson
CLERK OF THE COURT

**COMP**
G. MARK ALBRIGHT, ESQ.
Nevada Bar No. 001394
JORGE L. ALVAREZ, ESQ.
Nevada Bar No. 014466
**ALBRIGHT, STODDARD, WARNICK & ALBRIGHT**
801 South Rancho Drive, Suite D-4
Las Vegas, NV  89106
Tel:   (702) 384-7111
Fax:   (702) 384-0605
gma@albrightstoddard.com
bstoddard@alabrightstoddard.com
*Attorneys for Plaintiff*

CASE NO: A-21-836589-C
Department 2

# DISTRICT COURT

# CLARK COUNTY, NEVADA

| | |
|---|---|
| CARLOS A. ARCHILA, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>O'REILLY AUTO ENTERPRISES, LLC, a Foreign Limited Liability Company, dba O'REILLY AUTO PARTS; DOES I through X; and ROE CORPORATIONS I through X, inclusive,<br><br>Defendant. | CASE NO.:<br>DEPT. NO.:<br><br><br>**COMPLAINT** |

COMES NOW, Plaintiff CARLOS A. ARCHILA, an individual (hereinafter "Plaintiff"), by and through his attorneys of record, ALBRIGHT, STODDARD, WARNICK & WARNICK, and as and for her Complaint against Defendant O'REILLY AUTO ENTERPRISES, LLC, a Foreign Limited Liability Company, dba O'REILLY AUTO PARTS (hereinafter "Defendant"), DOES I through X, and ROE CORPORATIONS I through XX, inclusive, allege and aver as follows:

## JURISDICTION

1.  At all times mentioned herein, the Plaintiff was and is a resident of Clark County, Nevada.

2.  Upon information and belief, at all times mentioned herein, Defendant O'REILLY

AUTO ENTERPRISES, LLC, dba O'REILLY AUTO PARTS, was and is foreign limited liability company licensed in the state of Delaware, and is duly authorized to conduct business in the State of Nevada.

3. The true names and capacities, whether individual, corporate, associate or otherwise, of Defendants DOES I through X and/or ROE CORPORATIONS I through XX, inclusive, are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names. The Plaintiff is informed, believes and thereupon alleges that the Defendants designated herein as DOES I through X and/or ROE CORPORATIONS I through XX, inclusive, are any one of the following:

(a) Parties responsible in some manner for the events and happenings herein referred to that caused injuries and damages proximately thereby to the Plaintiff as herein alleged;

(b) Parties that are the agents, servants, employees and/or contractors of the Defendants, each of them acting within the course and scope of their agency, employment or contract;

(c) Parties that own, lease, manage, operate, secure and/or are responsible for the premises referred to hereinafter; and/or

(d) Parties that have assumed or retained the liabilities of any of the Defendants by virtue of an agreement, sale, transfer or otherwise.

4. The Plaintiff will ask leave of the Court to amend this Complaint to insert the true names and capacities of said Defendants, DOES I-X and ROE CORPORATIONS I-XX, inclusive, when the same have been ascertained by the Plaintiff, together with appropriate charging allegations, and to join said Defendants in the action.

5. The acts and omissions alleged hereafter occurred within Clark County, State of Nevada.

**GENERAL ALLEGATIONS**

6. Plaintiff repeats and realleges each and every foregoing paragraph set forth above and incorporate the same by reference as though fully set forth at length herein.

7. At all times mentioned herein, particularly on or about September 19, 2020, the Defendants owned, operated, possessed, controlled and/or maintained the property located at 2451 North Jones Boulevard, Las Vegas, Nevada 89108, commonly known as O'REILLY AUTO PARTS (hereinafter the "Subject Property").

-2-

8. On or about September 19, 2020, Plaintiff was lawfully on the premises of O'REILLY AUTO PARTS as a business customer.

9. While at the Subject Property, on September 19, 2020, Plaintiff, who was a business patron/customer of O'REILLY AUTO PARTS at the time, had opened the main door and was exiting the store when he slipped and fell on an oily substance, which was improperly left on the ground right outside the store, and no signage was present to warn him of such. ("Subject Incident")

10. Plaintiff's injuries included severe injury to his neck, back, chest, right knee, right ankle, and right foot.

11. At the time and place aforesaid, the Defendants did carelessly and negligently operate and maintain the exterior walkways and entrance/exit areas of O'REILLY AUTO PARTS and allowed an oily substance thereon.

12. Employees of the Defendants did operate and maintain the exterior walkways and entrance/exit areas of the Subject Premises in a careless and negligent manner, which resulted in the injury to Plaintiff when he slipped and fell on the oily substance, which constituted a dangerous condition that was not open and obvious to business invitees.

13. Defendants, and each of them, were otherwise negligent in their operation, inspection, and maintenance of the area and their failure to inspect the exterior walkways and entrance/exit area for foreign substances which was readily foreseeable would cause and create a hazardous condition on the exterior walkways and entrance/exit area of the store, and were otherwise negligent in their operation and maintenance of the said area.

14. Defendants, and each of them, acted in a negligent and careless manner, thereby breaching their duty of due care owed to the Plaintiff herein.

15. Plaintiff has been suffering from pain from the injuries to his neck, back, chest, right knee, right ankle, and right foot since the Subject Incident.

16. As a result of Plaintiff's injuries, he has sustained damages in excess of $15,000.00.

17. Plaintiff has been required to retain the services of a law firm to prosecute this action and is entitled to reasonable attorneys' fees.

///

///

-3-

## FIRST CAUSE OF ACTION

### (NEGLIGENCE)

18. Plaintiff repeats and realleges each and every foregoing paragraph set forth above and incorporate the same by reference as though fully set forth at length herein.

19. Defendant owed Plaintiff a duty to maintain the premises in a reasonably safe condition for use, or in the alternative, to warn Plaintiff of any unsafe conditions.

20. Defendant, including their agents and/or employees, negligently created and/or allowed an unreasonably dangerous condition to exist and further created an unreasonable risk of harm to Plaintiff, as well as the general public.

21. Defendant negligently failed to warn Plaintiff of the unreasonably dangerous condition on its premises.

22. Defendant negligently supervised their agents and/or employees responsible for inspecting and/or maintaining the premises.

23. Defendant owed Plaintiff a duty of care in inspecting, maintaining, and securing safe exterior walkways and entrance/exit areas, and in selecting those charged with the task of maintaining and inspecting the same.

24. Defendant's improper maintenance of the exterior walkways and entrance/exit areas of the store was the proximate cause of Plaintiff's slip and fall, which caused the injuries he sustained.

25. Defendant's improper inspection and/or maintenance of the exterior aisleways and entrance/exit areas created an unreasonably dangerous condition which caused injury to Plaintiff.

26. Upon information and belief, Defendants knew or should have known of the dangerous condition and failed to clean and/or repair the dangerous condition.

27. Defendants had a non-delegable duty to supervise and maintain said premises in a reasonably safe and suitable condition for its patrons, guests and invitees; and further to take any and all reasonable precautions to avoid the presence of dangerous and/or artificial conditions on or around said premises, particularly in the exterior walkways and entrance/exit areas of the store.

28. Upon information and belief, Defendants employed maintenance personnel, management, subcontractors, and other supervisory/security personnel for the purpose of

supervising employees, patrons, guests and invitees and maintaining said property, and the surrounding areas, in a reasonably safe and suitable condition all of which property is under said Defendants' exclusive authority and control.

29. Defendants, despite having actual notice or constructive notice that a dangerous condition existed on their premises, and /or its agent(s) or a third party, as the case may be, over which said Defendants had control and authority, failed to enact proper safeguards and maintenance, and further failed to warn of said dangerous condition resulting in serious bodily injury to Plaintiff, all in breach of Defendants' duty of due care herein.

30. In addition to their direct liability, Defendants, and each of them, were and are vicariously liable for the acts and omissions of any staff, agents, apparent agents, servants, contractors, employees or consultants, independent contractors, or singular persons or entities, whether in house or outside, which in any manner caused or contributed to Plaintiff's irreparable harm and damage.

31. Defendant owed Plaintiff a duty to exercise due care in providing a safe area for guests of O'REILLY AUTO PARTS, including by ensuring that the facilities were safe and that the exterior walkways and entrance/exit areas to the store were properly maintained, secured, and inspected and Defendant breached its duty of care.

32. That Plaintiff has been forced to retain the service of an attorney to represent her in this action, and as such is entitled to reasonable attorney's fees and costs.

### SECOND CAUSE OF ACTION
*(Vicarious Liability/Respondeat Superior)*

33. Plaintiff incorporates by this reference each and every allegation previously made in this Complaint, as if fully set forth herein.

34. Employers, masters and principals are vicariously liable for the torts committed by their employees, servants and agents if the tort occurs while the employee, servant or agent was acting in the course and scope of employment.

35. Accordingly, pursuant to N.R.S. 41.130, Defendants, and each of them, are vicariously liable for the damages caused by their employees' actions and negligence, further encompassing the actions of those hired by Defendants to maintain the premises and equipment.

-5-

N.R.S. 41.130 states as follows:
> Except as otherwise provided in N.R.S. 41.745, whenever any person shall suffer personal injury by wrongful act, neglect or default of another, the person causing the injury is liable to the person injured for damages; and where the person causing the injury is employed by another person or corporation responsible for his conduct, that person or corporation so responsible is liable to the person injured for damages.

36. The Defendants were the employers, masters and principals of each other, the remaining Defendants, and other employees, agents, independent contractors and/or representatives who negligently failed to inspect, maintain, and warn of dangerous conditions in and about the common walkways on the property.

37. That Plaintiff has been forced to retain the service of an attorney to represent her in this action, and as such is entitled to reasonable attorney's fees and costs.

## THIRD CAUSE OF ACTION

## (NEGLIGENT HIRING; SUPERVISION AND FAILURE TO WARN)

38. Plaintiffs repeat and reallege each and every foregoing paragraph set forth above and incorporate the same by reference as though fully set forth at length herein.

39. While on said premises, Defendants, and each of them, had a duty to supervise and maintain their premises and/or perform improvements, and/or clean up the walkways and entrance/exit areas of the store, in a reasonably safe and suitable condition for their patrons, guests and invitees; and further to take any and all reasonable precautions to avoid the presence of dangerous and/or foreign substances on or around said premises as described herein.

40. Upon information and belief, Defendants employed janitorial and maintenance personnel, as well as management and other supervisory personnel for the purpose of supervising employees, patrons, guests and invitees and maintaining said property in a reasonably safe and suitable condition.

41. Said Defendants' failure to warn of a known dangerous condition, or to discover through exercise of reasonable diligence under the circumstances that which could have been discovered, and further failure to hire and adequately train and supervise suitable and fit employees and/or agents to regularly maintain said property in a safe and suitable manner has directly and

proximately resulted in Plaintiff's damages in an amount in excess of $15,000.00 subject to proof at trial.

42. As a direct and proximate result of the negligence and carelessness of the Defendants, Plaintiff has suffered severe and serious personal injuries.

43. The full nature and extent of Plaintiff's injuries are still unknown and when the same are ascertained, Plaintiff will assert them with particularity.

44. As a direct and proximate result of Defendant's breaches, and each of them, Plaintiff was seriously injured and caused to suffer great pain of body and mind, some of which may be permanent and disabling, all to his general damages in an amount in excess of Fifteen Thousand Dollars ($15,000.00).

45. As a further direct and proximate result, Plaintiff incurred expenses for medical care and treatment and will incur expenses for medical care and treatment in the future in an amount to be proven at trial.

46. As a further direct and proximate result of the foregoing, Plaintiff has been required to engage the services of various medical providers and will continue to receive care in the future.

47. Plaintiff is entitled to reimbursement for past and future medical bills incurred as a result of the injuries that have caused Plaintiff's pain and suffering.

48. Plaintiff has, since the incident on September 19, 2020, experienced pain and suffering in his neck, back, chest, right knee, right ankle, and right foot, and will continue to endure future pain and suffering all to his general damages in an amount in excess of $15,000.00.

49. Plaintiff has been forced to retain the services of an attorney for this action, and as such are entitled to reasonable attorneys' fees and litigation costs.

WHEREFORE, Plaintiff prays for relief and judgment against the Defendant as follows:

A    General damages in an amount in excess of Fifteen Thousand Dollars ($15,000.00);

B.    Medical and incidental expenses incurred and to be incurred;

C.    Costs of suit, pre-judgment interest, post-judgment interest, attorneys fees; and

D.    For such other relief as is just and proper.

///

///

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial of all of the issues in the above matter.

DATED this 18th day of June, 2021.

**ALBRIGHT, STODDARD, WARNICK &ALBRIGHT**

*/s/ Jorge L. Alvarez, Esq.*

G. MARK ALBRIGHT, ESQ.
Nevada Bar No. 001394
JORGE L. ALVAREZ, ESQ.
Nevada Bar No. 014466
801 South Rancho Drive, Suite D-4
Las Vegas, Nevada 89106
(702) 384-7111
*Attorneys for Plaintiff*